Filed 11/10/15  P. v. Warren CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B261600 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA030761) |
| v. | |
| TIMOTHY WARREN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Timothy Warren challenges the denial of his petition for recall of sentence and resentencing pursuant to Penal Code section 1170.126,[1] part of the Three Strikes Reform Act of 2012 (Proposition 36). We reverse the order denying his petition in light of the Supreme Court's decision in *People v. Johnson* (2015) 61 Cal.4th 674 and remand for further proceedings in accordance with the procedures specified in section 1170.126.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Warren was convicted of resisting, delaying or obstructing a peace officer with an attempt to remove the officer's firearm (§ 148, subd. (d)) and battery with serious bodily injury (§ 243, subd. (d)). The trial court found true allegations Warren had suffered two prior convictions qualifying as serious or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12). Warren was sentenced as a third strike offender to an aggregate state prison term of 60 years to life, consisting of two consecutive indeterminate terms of 25 years to life plus two five-year enhancements for the two prior serious felony enhancements.

On November 3, 2014, Warren filed a petition for recall of his sentence under Proposition 36. On November 13, 2014, the superior court denied the petition, finding Warren ineligible because one of his commitment offenses, battery with serious bodily injury, was a serious felony. (See § 1170.126, subd. (e)(2).) Warren filed a timely notice of appeal from the order.

## DISCUSSION

*People v. Johnson, supra,* 61 Cal.4th 674, decided during the pendency of this appeal, held Proposition 36 "requires an inmate's eligibility for resentencing to be

---

[1] Statutory references are to the Penal Code.

evaluated on a count-by-count basis.  So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Johnson*, *supra*, at p. 688.)

Although Warren's conviction for battery with serious bodily injury is a disqualifying conviction under section 1170.126, pursuant to *Johnson* he is nonetheless eligible for recall of his third strike sentence for resisting, delaying or obstructing a peace officer with an attempt to remove the officer's firearm.  (§ 148, subd. (d).)  On remand, Warren must be resentenced as a second strike offender for his section 148, subdivision (d), conviction pursuant to section 1170.126, subdivision (f), if he satisfies all the criteria set forth in subdivision (e), "unless the court, in its discretion, determines that resentencing [Warren] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

**DISPOSITION**

The order is reversed and the matter remanded with directions to the superior court to grant the petition for recall of sentence and to determine, in compliance with the provisions of section 1170.126, whether Warren is eligible under section 1170.126, subdivision (e), for resentencing on his conviction for resisting, delaying or obstructing a peace officer with an attempt to remove the officer's firearm, and, if so, to resentence Warren on that conviction, "unless the court, in its discretion, determines that resentencing [Warren] would pose an unreasonable risk of danger to public safety," under section 1170.126, subdivision (f).

BECKLOFF, J.[*]

We concur:

PERLUSS, P. J.

SEGAL, J.

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.